UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARINE TRAVELIFT INC.,

        Plaintiff,

v.                                                           Case No. 14-C-443

ASCOM SpA,

        Defendant.

## DECISION AND ORDER

Plaintiff has filed motions seeking sanctions and judgment on the pleadings. For the reasons given below, both motions will be denied.

**I. Sanctions**

A protective order governs this patent action between two competitors in the very small market for marine gantry cranes. At a hearing on a motion for a preliminary injunction, Defendant's attorney, Scott Johnson, inadvertently disclosed proprietary information to a witness named James Alfieri, the owner of Defendant International Boat Exchange, which is the United States agent for Defendant ASCOM. The information disclosed was ostensibly of significant importance. Both Plaintiff and Defendant were, and are, in the midst of the bidding process to build the largest marine boat hoist in the world for the Burger Boat Company, in Manitowoc. The witness, Mr. Alfieri, is personally involved in the bidding process on behalf of ASCOM. The question Johnson asked Alfieri, which I will not repeat verbatim here, asked Alfieri if he knew why MTI had lowered its bid by a given amount of money. That amount was stated in round numbers rather than exact figures, but the number was close enough that it would have provided a very telling clue as to how much

MTI's bid had been reduced. The amount of MTI's bid was subject to the protective order, and of course a company's bid for a contract is among its most closely-held secrets, particularly in such a niche market. This is why Mr. Alfieri had been excused from the injunction proceedings during other parts of the hearing. As such, the disclosure of the bid reductions, even in inexact terms, could be a potentially serious breach of confidentiality. During the hearing, this Court immediately alerted Johnson to the fact that Alfieri was not supposed to know about bidding information and asked what kind of remedy could cure the problem.

The parties spend some effort debating whether Rule 37(b) ("Failure to Comply with a Court Order") governs violations of protective orders. This court has implicitly concluded it does. *See Encap, LLC v. Scotts Co., LLC,* No. 11-C-685, 2014 WL 6386965 (E. D. Wis., November 14, 2014). The distinction arises because the Defendant argues sanctions cannot be granted because the parties did not meet and confer, pursuant to Fed. R. Civ. P. 37(a)(5)(A). But this is not the kind of motion that would lend itself to a "meet and confer" conference because the damage had already been done, and in any event Rule 37(a)(5)(A) applies to an effort to "obtain the disclosure or discovery," not violations of protective orders.

Regardless, it is clear that a court may issue sanctions for failure to comply with a protective order. *Scott v. Chuhak & Tecson, P.C.,* 725 F.3d 772, 778 (7th Cir. 2013) (affirming sanctions for protective order violations without specifying rule). The Protective Order itself specifies that "any violation of the Protective Order may subject me to sanctions by the Court." (ECF No. 35 at 15.) Here, the Plaintiff asks for four kinds of relief. First, it seeks an order enjoining ASCOM from modifying its bid. Second, it seeks an affidavit from Alfieri that details his involvement in the bidding process and swearing that he will have no further involvement in it. Third, it seeks to revoke Johnson's access to protected materials. Finally, it seeks costs and attorneys' fees incurred

by the filing of the motion for sanctions.

Although I find clear authority for the issuance of sanctions, I conclude that sanctions are not warranted under the facts of this case. Most important, as the Defendant notes, even if the disclosure violated the protected order, there was no disclosure regarding what MTI's actual bid was. Instead, the disclosure was about the amount MTI had *reduced* its earlier bid. Thus, even if Alfieri sought to use the information in connection with ASCOM's bid, merely knowing the amount of the reduction would not tell ASCOM what MTI's total bid was, and that, of course, is the important number. Thus, the information about the bid reduction is of limited commercial value. In a sealed declaration, Alfieri states that ASCOM's bid is complete and that it has no intention of changing the bid. (ECF No. 114-1 at ¶ 9.) He has not spoken with Burger since prior to submitting the bid, which was prior to the evidentiary hearing.

Mr. Alfieri's declaration is persuasive evidence that any harm stemming from the disclosure was minimal. Without any indication that ASCOM has changed its bid based on the information, or that it even *could* change its bid based on the limited disclosure, the sanctions sought by Plaintiff do not appear warranted. And given Alfieri's statement, under oath, that the bid will not be changed absent circumstances not applicable here, it appears that any conceivable harm will not come to pass. Finally, I also note that it should be clear the disclosure was inadvertent. Had Johnson wanted to convey the bid amount to Alfieri, he could simply have told him in private rather than merely allude to the bid reduction in open court. Johnson and his law firm represent both ASCOM and Alfieri's company, and presumably they have had significant contacts throughout these proceedings.

In sum, Alfieri's declaration appears to forestall any chance that the disclosure would cause competitive harm to MTI, and the fact remains that the inadvertent disclosure was merely a bid reduction amount rather than a gross figure. Accordingly, the motion for sanctions will be denied.

**II. Judgment on the Pleadings**

Plaintiff has also filed a motion seeking partial judgment on the pleadings. Specifically, it asserts that the Defendant's affirmative defenses asserting invalidity under 25 U.S.C. §§ 101 and 112 are unsound and must be dismissed.

The Defendant has not conceded the futility of these affirmative defenses, but in an October 27, 2014 letter, it agreed to withdraw the defenses that are the subject of the motion. (ECF No. 120-3.) Given its agreement to withdraw the defenses, it argues that the motion for judgment on the pleadings has been rendered moot. Plaintiff responds by noting that the Defendant has not filed an amended answer explicitly withdrawing the claims.

Strictly speaking, Plaintiff is not seeking "judgment" on the pleadings under Rule 12(c) but merely a ruling that certain defenses will not carry the day. Even if it wins such a motion, the merits of the defenses at issue would not be part of any judgment. Thus, Rule 12(f), rather than 12(c), is the "primary procedure" for objecting to an insufficient affirmative defense. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1380 (3d ed. 2012). Rule 12(f) motions to strike affirmative defenses are generally disfavored on the grounds that they often serve only to cause delay. *Renalds v. S.R.G. Restaurant Group,* 119 F.Supp.2d 800, 802 (N.D.Ill. 2000). In some cases, such motions can be helpful in identifying, up front, any weaknesses in affirmative defenses. But it would be strange to decide such a motion, in the name of streamlining an action, when the subject matter of the motion has been withdrawn.

It is true that the Defendant has not amended its answer to remove the offending defenses, but less formal withdrawals of defenses and arguments are commonplace. For example, many defendants commonly plead every conceivable defense to a given action because, at the origin of a case, they might not have a firm grasp on the subject matter and would rather be over-inclusive

than risk waiver of a potentially valid defense. By the time of summary judgment or trial, however, many of the defenses originally pled simply fall away, even without a formal withdrawal being made. That is what has occurred here. The Defendant offered to drop the defenses in a letter to Plaintiff, and it has made that offer more formal through its brief asserting that the motion is moot given its withdrawal of the claims. Given that these defenses will not be part of this action, the motion for judgment on the pleadings will be denied as moot. *Wells v. Hi Country Auto Group,* 982 F.Supp.2d 1261, 1263 (D. N.M. 2013) ("Defendants agreed to withdraw their Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Eighteenth, and Twenty Second affirmative defenses. Accordingly, Plaintiff's Motion is moot as to those affirmative defenses.")

### III. Miscellaneous Filings

Also pending in this action are three older motions, some of which have been implicitly handled already. First, on July 22, 2014, Plaintiff brought a motion to strike affirmative defenses and prohibit the Defendants' use of information not properly disclosed in discovery. The motion was largely directed to the upcoming hearing on the motion for a preliminary injunction, which this Court denied. As such, the bulk of the motion was either addressed, implicitly or explicitly, in my ruling on the preliminary injunction, or it is now rendered moot by that ruling. In addition, the additional relief sought is also rendered moot by virtue of the Defendant's withdrawal of the §§ 101 and 112 defenses, as discussed above. Accordingly, the motion to strike will be denied.

Along with its motion for a preliminary injunction, MTI also filed a motion to seal certain documents on the grounds that they contained sensitive business and pricing information. Following the denial of the preliminary injunction, MTI filed an amended motion to seal documents. In the amended motion, MTI eliminated numerous redactions. The redacted copies filed on the docket contain limited redactions of such things as prices and other figures that are not germane to

the merits of these proceedings. Accordingly, the documents described in the amended motion to seal will remain sealed, with the redacted versions appearing on the public docket. As Plaintiff indicates, Docket No. 58 may be unsealed, although the exhibits shall remain sealed.

Finally, MTI has filed a motion seeking to seal small portions of its brief in support of the motion for sanctions. The information sealed relates to very limited pieces of commercial information, as evidenced in the redacted brief. Accordingly, the motion to seal portions of the brief will be granted.

**IV. Conclusion**

For the reasons given above, the motion for sanctions [109] is **DENIED**. The motion for judgment on the pleadings [118] is **DENIED** as moot. The motion to seal [21] is **DENIED**. The amended motion to seal [72] is **GRANTED**. The materials already sealed may remain under seal with the exception of Dkt. No. 58, which may be unsealed. The motion to strike [46] is **DENIED**. The motion to seal [108] is **GRANTED**.

**SO ORDERED** this 3rd day of February, 2015.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court