UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARINE TRAVELIFT, INC.,

    Plaintiff,

v.

Case No. 14-C-443

ASCOM SpA, and INTERNATIONAL
BOATLIFT EXCHANGE, INC.

    Defendants.

## DECISION ON CLAIM CONSTRUCTION

The parties have filed a joint claim construction statement and briefs addressing their proposed interpretations of two disputed claim terms. The claim terms involve Plaintiff's mobile boat lifting devices, as discussed more fully in this court's decision denying a preliminary injunction. (ECF No. 88.) I construe the terms as follows.

**I. The Law of Claim Construction**

The interpretation and construction of patent claims are issues of law for the court to determine. *See Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 970–71 (Fed.Cir.1995) (en banc), aff'd, 517 U.S. 370 (1996). The overall purpose of claim construction is to clarify the meaning of disputed claim terms and phrases so that the Court or, if there are factual disputes, a jury, can determine whether the claims are (1) valid and (2) infringed upon by the accused product. *See Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 803 (Fed. Cir. 1999) (explaining that courts need only construe claim language "in controversy, and only to the extent necessary to resolve the controversy"). Claims are construed the same way for validity and infringement. *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003) (citations omitted).

## II. A sensed position a predetermined distance from a programmed position

In Claim 15 of the '441 patent, the inventor discloses

A steering system for controlling the steering mode of a lifting apparatus comprising:
    a frame structure having a plurality of wheels;
    a user interface for selecting a steering mode; and,
    a controller communicatively coupled to the user interface,
the controlled configured to monitor the position of the plurality of wheels in response to a selected steering mode, wherein the controller is further configured such that when at least one wheel has **a sensed position a predetermined distance from a programmed position** the controller stops movement of the remaining wheels.

(ECF No. 98-4 at 13:4-16.)

The Defendants argue that the emboldened phrase means "the angular position of at least one wheel, compared to its programmed position, determined by the motorized master control potentiometer, and adjusted depending on engine RPM." For support, the Defendants point to intrinsic evidence in the specification, which discusses, for example, a controller adjusting the rate of change of each wheel's position based on the engine's RPM (col 2:1-4), or the controller sensing the position of each wheel and disabling movement if it determines one wheel is not moving at the right rate (col 2:56-61.) But as the Plaintiff notes, limitations from examples in the specification cannot be used to rewrite the language of the claims. Tellingly, much of the language cited by the Defendants follows the phrase "in *one* embodiment" or something similar, which indicates that the specification is merely giving examples of the technology's implementation rather than redefining or limiting the terms themselves. In fact, the Defendants merely cite the language from the specification without actually arguing that it could conceivably be used to import language from the specification into the claims. Accordingly, I will give the claim terms their plain and ordinary meaning.

### III. an "engine" drive

Claims 9 and 23 of the '299 patent use the phrase "disable an engine drive." The Defendants argue that the term "engine" refers to "the primary diesel or gasoline engine of the crane, such as that to be found within the cabinet depicted in Figure 3 of the '299 Patent." The Plaintiff argues that the phrase needs no special interpretation and stands on its own.

The Defendants' argument is premised on the fact that there is a difference between an engine and a motor. An engine creates rotational mechanical power by consuming fuel, while a motor converts forms of energy into mechanical energy to create motion. Motors drive the rotation of the wheels, while an engine drives the crane itself. Although this might be true, that does not mean that the "engine" must therefore be defined *itself* in the claim terms. That is, if an engine is something that consumes fuel and creates rotational power, than that will be how the claim is interpreted using its plain and ordinary meaning, without the need to explicitly "construe" it and impose other nuances onto the term that aren't found in the claim itself. This is especially true as the term is used in Claim 9, which discusses an "engine drive *of the crane*." It would be mostly redundant to interpret "engine drive of the crane" as "the primary diesel or gasoline engine of the crane," as Defendants propose. Accordingly, I will give the term its plain meaning.

The Plaintiff may respond to the Defendant's motion for partial summary judgment on or before May 15, 2015. A reply, if any, may be filed by May 31, 2015.

**SO ORDERED** this 21st day of April, 2015.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court